99 F.3d 1144
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
John Edward PALMER, Appellant,
v.
Frank W. WOOD, Appellee.
 No. 96-1672.
 United States Court of Appeals, Eighth Circuit.
 Submitted: October 23, 1996
Filed: October 30, 1996
 
 Before FAGG, BOWMAN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 John Edward Palmer was convicted of selling more than 200 dosage units of LSD to a cooperating witness. See Minn.Stat. § 152.021, subd. 1(3) (1992). After the Minnesota Court of Appeals affirmed Palmer's conviction, State v. Palmer, 507 N.W.2d 865 (Minn.Ct.App.1993), Palmer filed this 28 U.S.C. § 2254 petition for habeas relief. The district court denied Palmer's petition, and we affirm.
 
 
 2
 Palmer contends the Minnesota drug statute is unconstitutionally vague because the statute does not contain a comprehensible standard of criminal conduct. Although "dosage units" is not defined in the statute, the term is commonly understood as the amount of an ingredient taken at one time. We thus reject Palmer's effort "to inject doubt [about] the meaning of words where no doubt would be felt by the normal reader." United States v. Powell, 423 U.S. 87, 93 (1975). In our view, "a reasonably ascertainable standard of conduct is mandated; it is for [Palmer] to insure that his actions do not fall outside the legal limits." Id. at 92; see United States v. McKinney, 79 F.3d 105, 108 (8th Cir.1996). The Minnesota Court of Appeals aptly observed that the number of dosage units may be established through witness testimony, and in Palmer's case, the testimony from the cooperating witness and a state chemist showed that Palmer sold more than 900 doses of LSD. Palmer, 507 N.W.2d at 868-69. "[T]he law is full of instances [like Palmer's] where a man's fate depends on his estimating rightly, that is, as the jury [later] estimates it, some matter of degree." Nash v. United States, 229 U.S. 373, 377 (1913).
 
 
 3
 Turning to Palmer's other contentions, Palmer's sufficiency of the evidence arguments are simply without merit. Gibson v. Bowersox, 78 F.3d 372, 374 (8th Cir.1996) (standard of review). Likewise, we reject Palmer's contention the trial court improperly admitted his tape recorded conversations with the cooperating witness because the admission of the tape recordings did not deny Palmer a fair trial. Rainer v. Dep't of Corrections, 914 F.2d 1067, 1072 (8th Cir.1990), cert. denied, 498 U.S. 1099 (1991).
 
 
 4
 We affirm the district court.